Law Offices of Brenner, Spiller & Archer
175 Richey Avenue
Collingswood, NJ  08107
(856) 963-5000
Attorney for Debtor(s)
BS 1035

In Re:

Arvene Yeager,

          Debtor.

Case No. 18-30126 (CMG)

Chapter 13

Judge: Hon. Christine M. Gravelle

Hearing Date: May 15, 2019

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO ASPEN PROPERTIES GROUP LLC'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

    Arvene Yeager, by and through counsel, respectfully submits this Memorandum of law in opposition to Aspen Properties LLC's Objection to Debtor's Chapter 13 Plan.

### JURISDICTION

    The Court has jurisdiction of this matter under 28 U.S.C. §§ 1334(a) and (b); 28 U.S.C. §§ 157(a) and (b)(1); and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. §§ 157(b)(A) and (B).  The opposition is timely filed.

### ANALYSIS

**A.**    **Social Security and the Totality of the Circumstances**

    In their sur-reply memorandum of law, the creditor states that this Court should follow the example of many other courts in find that Social Security income can and should be considered in a good faith totality of the circumstances analysis.  The creditor then chiefly relies on the cases of In re Bruno, In re Riggs, and In re Calhoun.

Creditor's reliance on In re Bruno is misguided.  In the case of In re Bruno, the creditor is correct that Judge Sherwood did note that "[t]hough Social Security benefits are generally off limits in Chapter 13 cases, there may be situations where they should be considered as part of the totality of the circumstances when deciding whether a proposed plan payment is filed in good faith under Section 1325(a)(3)."  It may be possible that Judge Sherwood had an idea in mind when he made this statement of a situation in which social security should be included, however it is also possible that Judge Sherwood simply did not want to close the door on the possibility.  Seeing as how Judge Sherwood did not expound on what that possibility would look like, it is unreasonable for the creditor to simply assume that Judge Sherwood had something particular in mind, and that this case is exactly what he had in mind.

Moreover, many cases have refused to consider Social Security Income in a good faith totality of the circumstances analysis.  One such case was In re Moriarty, 530 B.R. 637, in which the Court granted summary judgment for the debtor based on the fact that social security income cannot be considered in the totality of the circumstances.  The court in Moriarty discussed In re Riggs and noted that "the *Riggs* decision, however, is not without controversy, as other courts have disagreed with the *Riggs* decision. In particular, Judge Dow from the Western District of Missouri disagreed with *Riggs* in his decision *In re Johnson.* There, the United States Trustee sought dismissal of the debtor's petition, relying on Bankruptcy Code section 707(b)(3)(B) and Judge Dow's previous decision *In re Booker,* in which the court held that it could consider Social Security income as a part of the totality of the circumstances test. Ultimately, the *Johnson* court declined to follow the *Booker* and *Riggs* decisions and, instead, held such income was protected from the operation of section 707(b)(3)(B)." It seems worth noting that both In re Riggs and In re Moriarty both come out of the Western District of Virginia, albeit from two different judges.

As stated above the court in In re Johnson, had previously held in In re Booker, that social security income should be considered, but completely reversed their stance in Johnson. The court noted that the Eighth Circuit Court of Appeals in Carpenter v. Ries, 614 F.3d 930, had ruled that §407 of the Social Security Act operates as a complete bar to the forced inclusion of past and future Social Security proceeds in the bankruptcy estate, which was a novel argument, not raised in the Booker case, and as such was not considered by the judge in Booker.

The creditor also attempts to show that our reliance on the ruling of Judge Ferguson, in In re Lewis is "misguided". They claim that Judge Ferguson in her decision "relied on the holdings of In re Welsh and In re Thompson." However a cursory reading of Judge Ferguson's opinion shows that Judge Ferguson reviewed numerous cases in making her determination. She reviewed Welsh, Thompson, but also Carpenter v Ries, In re Radford, In re Suttice, In re Cranmer, In re Moriarty. She further reviewed the cases that supported this creditors position In re Lenton, In re Calhoun, In re Riggs, and In re Booker. Judge Ferguson was simply persuaded by the cases that excluded Social Security Income from consideration because they "were more consistent with the overall statutory scheme of both the Bankruptcy Code and the Social Security Act."

Judge Ferguson did not base her opinion in Lewis on narrow facts, but on the idea that Congress intended social security benefits to be protected from inclusion in all aspects of bankruptcy including a §707(b)(3) analysis. She quoted the Suttice court stating that "Congress intended Social Security benefits to be protected from inclusion in a §707(b)(3) analysis based on §407(a) of the Social Security Act." Judge Ferguson quoted In re Cranmer, which stated that "[their] conclusion was bolstered by language in the Social Security Act which shields payments…from the operation of any bankruptcy or insolvency law…" The creditors interpretation that Judge Ferguson was incorrect in her decision is misguided.

B.     **Creditor's Good Faith Factors**

In their sur-reply memorandum of law, the creditor specifically lays out their four factors that they argue establish lack of good-faith on the part of the debtor. In doing so they list 1) the creditor is a secured lienholder; 2) the debtor filed the case to avoid sheriff sale; 3) the debtor was in default on the mortgage; and 4) debtor proposes to pay 1.4% payout to unsecured creditors.

Opposing counsel is certainly correct that the creditor in this case is secured by a second mortgage and the proposed plan moves to strip off the second mortgage. However, although this fact is not present in Lewis, Welsh, or Thompson as stated by opposing counsel; the secured status of the creditor does not lend itself in anyway to the bad faith analysis of the debtor.

Second, the instant bankruptcy was filed in order to prevent a sheriff sale on the property of the debtor. This fact exists in the majority of chapter 13 bankruptcies that are filed. The creditor, secured by a second mortgage, foreclosed on the property and was taking the property to sheriff sale. It is important to note that the property is currently valued at $150,000.00 and is secured by a first mortgage in the amount of $163,734.00. The value of the property is completely eclipsed by the amount due on the first mortgage. This means that if the sheriff sale had been completed, the proceeds of the sale would have gone to the first mortgage holder. The second mortgage holder would in all likelihood have received nothing through the sheriff sale. So, the main difference between the sheriff sale and the bankruptcy, is that in the bankruptcy second mortgage creditor does not get to take away the debtor's house while getting nothing themselves.

It is also true that the plan proposes to pay approximately 1.4% dividend to creditors through the plan. Considering the fact that this creditor would have received nothing through the sheriff sale, the plan at 1.4% proposes to pay them more than they would have received absent the bankruptcy.

Finally, the debtor has been in default on the second mortgage for a long time. Much like the filing of a bankruptcy to stop a sheriff sale, the fact of a lengthy default is present in the majority of bankruptcies that are filed. The holder of the second mortgage could have filed for a foreclosure long before ten years had passed, the fact is that a ten-year default exists only because the creditor allowed it to exist.

These factors do not lend themselves to a finding of bad faith on the part of the debtor. The fact is that the debtor found himself facing a sheriff sale and didn't want to lose his home. His only option to stop the sheriff sale and save his home was to file for bankruptcy. He filed this bankruptcy and followed the law in doing so. He did not hide any income, he did not hide assets, and he did not do this for the purpose of stalling creditors whose collections were inevitable. He proposed a plan of reorganization that follows the law. He stripped off the second mortgage through a process that exists in the bankruptcy code and is legally available to him. In the plan he is contributing all of his disposable income as required by the law. It is true that the unsecured creditors are getting a small portion of their total debts paid back, however that possibility was considered by Congress when they decided to exclude social security income from being considered disposable income.

  The creditor has laid out these few factors hoping to establish some grand example of bad faith on the part of the debtor, however the fact remains that without the question of social security income the good faith of the debtor would not be questioned.  Moreover, as stated above none of the above factors as present in this case actually lend themselves to a finding of bad faith, and furthermore the exclusion of social security income from a Chapter 13 plan cannot constitute a lack of good faith.  In re Suttice, 487 B.R. 245, 252 (citing In re Cranmer, 697 F.3d 1314, 1319 (10th Cir. 2012); *see also* In re Welsh, 465 B.R. 843, 856 (9th Cir. BAP 2012); In re Thompson, 439 B.R. 140, 144 (8th Cir. BAP 2010).

  The creditor is attempting to make an extraordinary leap and is asking the Court to not confirm a Chapter 13 plan based on the fact that social security income is not being voluntarily remitted into the Chapter 13 plan.  The simple fact is that the Court does not have the authority to force a debtor to use their social security income to fund a Chapter 13 plan.  In re Cranmer, 697 F.3d 1314

## CONCLUSION

  For the reasons set forth above, we respectfully request that this Honorable Court issue an order Confirming the Debtor's Chapter 13 plan.

Respectfully submitted,

/s/ Andrew T. Archer
Andrew T. Archer, Esq.